**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ZIA SHAIKH,

              Plaintiff,

v.

MARGARET McMAHON, McMAHON & RUSSEL LLC

              Defendants.

Civ. A. No. 3:20-cv-20008 (GC) (TJB)

**MEMORANDUM ORDER**

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff Zia Shaikh's ("Shaikh" or "Plaintiff") Motion for Recusal. (Mot. for Recusal, ECF No. 13.) The Court has considered Plaintiff's submission and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, and for good cause shown, the Court **DENIES** Plaintiff's Motion for Recusal.

**I.     BACKGROUND**

    Plaintiff has several cases pending in this District. Including this case, the Court is aware of seven active cases that Shaikh has filed in this District.[1] Plaintiff filed the Complaint in this

---

[1] The six other active cases filed by Plaintiff that the Court is aware of in this District are: *Shaikh v. Department of Banking and Insurance, Division of Insurance of the State of New Jersey, et al.*, Civ. No. 19-14092 (GC) (TJB); *Shaikh v. Schlendorf, et al.*, Civ. No. 20-20003 (ZNQ) (TJB); *Shaikh v. Landi, et al.*, Civ. No. 20-20005 (GC) (TJB); *Shaikh v. Brown, Esq., et al.*, Civ. No. 20-20007 (ZNQ) (TJB); *Shaikh v. Germadnig et al*, Civ. No. 22-02053 (GC) (RLS); and *Shaikh v. Akrush et al.*, Civ. No. 19-20597 (ZNQ) (DEA).

case with an application to proceed *In Forma Pauperis* ("IFP Application") on December 21, 2020. (*See* ECF Nos. 1, 1-1.) Plaintiff's IFP Application was denied on July 13, 2021. (ECF No. 3.) Plaintiff re-filed his IFP Application on August 18, 2021. (ECF No. 7.) The Undersigned was assigned to this case on April 12, 2022. (ECF No. 12.) Plaintiff then filed this Motion for Recusal on February 27, 2023. (Mot. For Recusal.)

Plaintiff's sole basis for the motion to recuse is the Court's delay in adjudicating Plaintiff's IFP Application. (*See generally* Mot. For Recusal.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 144, a judge must recuse herself if a party files a "timely and sufficient affidavit" establishing that the judge has a "personal bias or prejudice against the party seeking recusal, or in favor of the adverse party." 28 U.S.C. § 144. In order to succeed on the recusal motion, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable person that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

28 U.S.C. § 455(a) provides that "[a]ny ... judge of the United States" must be disqualified "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under Section 455(a) is an objective one. *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003).

Under either statute, the party must generally rely on extrajudicial conduct in order to demonstrate bias, thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis

2

for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

### III.  DISCUSSION

Here, Plaintiff does not identify any extrajudicial conduct that suggests the Undersigned is biased or that prejudice exists. Additionally, Plaintiff does not point to any conduct indicating a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Plaintiff's sole basis for recusal is the Court's delay in adjudicating his IFP Application. (*See generally* Mot. for Recusal.) However, delay alone, is an insufficient reason for recusal. *See DIRECTV, Inc. v. Jarvis*, Civ. No. 04-55, 2006 WL 8445648, at *2 (D.N.J. Sept. 18, 2006); *United States v. Dobson*, Crim. No. 08-00134-003, 2016 WL 9275015, at *1 (E.D. Pa. Mar. 3, 2016) ("mere delay, in the absence of any other allegations that might attribute such delay to an unfair bias or deep-seated antagonism towards defendant [], is not sufficient to justify recusal."); *Walsh v. Krantz*, Civ. No. 7-0616, 2008 WL 5146531, at *8 (M.D. Pa. Dec. 8, 2008), *aff'd*, 386 F. App'x 334 (3d Cir. 2010) ("an impatient litigant is not permitted to employ the federal disqualification statutes simply as a means of expediting resolution of a pending motion."); *Celenza v. Merdjanian*, Civ. No. 89-5921, 1990 WL 65759, at *3 (E.D. Pa. May 15, 1990), *aff'd*, 941 F.2d 1200 (3d Cir. 1991) (delay is insufficient to establish bias); *United States v. Antonelli*, 582 F. Supp. 880, 882 (N.D. Ill. 1984) (citing omitted) (ruling that any delay attributable to the judge was insufficient to establish personal bias or prejudice). Therefore, the Undersigned will not recuse herself for delay alone. Additionally, the Court finds no other indication of impartiality or bias by the Undersigned that amounts to a reason for recusal. Plaintiff's pending IFP Application in this case will be decided in due course.

IV.   **CONCLUSION**

Accordingly, for the foregoing reasons, and for good cause shown,

**IT IS** on this ___9th___ day of March, 2023,

**ORDERED** that Defendant's Motion for Recusal (*see* ECF No. 13) is **DENIED**.

**IT IS SO ORDERED.**

_____
Hon. Georgette Castner
U.S. District Judge